UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JUDITH AND CLAUDE ROSS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:06-cv-1857-RLY-WTL |
| ) | |
| **ALLEGIANT AIR, et al.,** ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the Plaintiffs' motion to compel and the response thereto by Defendant Allegiant Air. The Magistrate Judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Judith Ross alleges that she was injured when she tripped and fell over a wheelchair in the passenger terminal at the Reno/Tahoe International Airport on the way to board a flight. In the instant motion, the Plaintiffs seek to compel Allegiant Air to produce the passenger list (name, last known address and last known telephone number) for Ross's flight; presumably Ross hopes that some of her fellow passengers witnessed her fall. Allegiant Air has refused to produce the passenger list, arguing that it is prohibited from doing so by the regulations found at 14 C.F.R. § 243 et. seq.

The express purpose of the federal regulations in question is "to ensure that the U.S. government has prompt and adequate information in case of an aviation disaster . . . ." 14 C.F.R. § 243.1. To that end, airlines subject to the regulations must collect certain information regarding each of its passengers on "covered flight segments" to enable prompt notification of loved ones (or whomever the passenger designates as a contact person) in the event of an

aviation disaster. 14 C.F.R. § 243.7. The information must be maintained until all passengers have disembarked from a particular flight. 14 C.F.R. § 243.9(b). The regulation further provides:

> (c) The contact information collected pursuant to section 243.7(a)(2) of this part shall be kept confidential and released only to the U.S. Department of State, the National Transportation Safety Board (upon NTSB's request), and the U.S. Department of Transportation pursuant to oversight of this part. This paragraph does not preempt other governments or governmental agencies that have an independent, legal right to obtain this information.
>
> (d) The contact information collected pursuant to section 243.7(a)(2) of this part shall only be used by covered airlines for notification of family members or listed contacts following an aviation disaster. The information shall not be used for commercial or marketing purposes.

14 C.F.R. § 243.9(c)(d).

Alliance Air reads too much into these regulations when it argues that they prohibit it from producing its passenger list to Ross. It is true that the information collected pursuant to these regulations is to be used only in the event of an aviation disaster. However, it is also true that, assuming no disaster occurs, the information so collected is to be maintained by the airline only until all of the passengers on the flight have disembarked. There is nothing in the cited regulations that prohibits an airline from collecting and maintaining passenger information independent of the requirements of 14 C.F.R. § 243.7, however, and there is no reason why such information is privileged from discovery. Accordingly, Ross's motion to compel is **GRANTED**.

Alliance Air requests that any release of its passenger information be subject to a protective order, and the Magistrate Judge agrees that it is appropriate to limit the dissemination and use of the information to that which is necessary for counsel in this case to determine whether any of the passengers have relevant information. **Within 7 days of the date of this Entry**, Alliance Air shall draft an appropriate protective order and submit it to Ross for review;

once counsel agree on the language of the order, they shall execute it and submit it to the Court for approval. Alliance Air shall produce its passenger list **within 3 days of the date the Court approves the protective order**. In addition, Alliance Air need only provide each passenger's name, address and telephone number as provided to Alliance Air at the time of the flight (or at the time the flight was booked, if that is when the information was collected); any other information that may be contained on any "passenger list" produced by Alliance Air should be redacted.

SO ORDERED: 10/17/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierlaw.net

Matthew W. Melton
NORRIS CHOPLIN & SCHROEDER LLP
mmelton@ncs-law.com

Richard L. Norris
NORRIS CHOPLIN & SCHROEDER LLP
rnorris@ncs-law.com

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com

Ian W. Thompson
FRAZIER & ASSOCIATES
iwthomps@hotmail.com